Per Curiam.

The tenant is bound to plead oh this day.(a) The tenant having, pleaded, Munro thereupon prayed a view of the premises, which was opposed on the part of the tenant. The Court said, that the demandant was entitled to have the view of course.(b)

 The tenant in a writ of right is only demandable on the quarto die post; but the demandant is liable to be called on the primo die placiti;. and in case of his non-appearance," his default may be entered, which, if he does appear and excuse, on the quarto die post, he is liable to a nonsuit. Swift v. Livingston, 2 Johns. Cas. 112. Glohery v. The Bishop of Exon, Garth. 173. Co. Litt. 139, b. In 1 Bulslr. 35, it is said, “ If it be not in a writ of right, no man is demandable, till the quarto die post.” Malcom v. Rogers, 1 Cowen, 8, n. (g) See also Swift v. Sachet, C. C., 122.

 From the principal case, and that of the Freeholders of Gravesend y. Voorhis, supra, p. 237, it appears that both the tenant and the demandant, in a writ of right, are entitled to a view of course. Judge Gowen, in a note to the case of Vischer v. Conant, 4 Cowen, 396, observes, “ There have been three decisions, previous to the one in the principal case, upon the question when a view shall be granted in real actions, viz. The Freeholders and Inh. of Gravesend v. Voorhis, 1 Johns. Cas. 237; Haynes v. Budd, id. 335; and Ostrander v. Kneeland, 20 Johns. R. 276. In the first, the kind of action does not appear ; and the court lay down the general rule, which seems to be "the ancient construction of the statute of West. 2, 13 Ed. 1. ch. 48, (the Latin of which is in 2 Inst. 480,) translated and enacted in 1 R. L. 86, s. 21, viz. that the tenant is entitled to have view as matter of right, and that it cannot be denied except in the cases mentioned in the statute. These cases are but few, viz. where a writ is brought to recover land lost by default, or a second writ *405 where the first was abated after view, provided the party had view in the first writs; in dower, where the husband aliened to the tenant or his ancestor; upon a second writ of entry, after abatement for misnomer of the entry in the first, if there was view in the first; and in all writs demanding lands by reason of a demise made by a demandant or his ancestor, during certain disabilities, to the tenant. The technical meaning of each of these exceptions is considered in 2 Inst. 480 to 484. Haines v. Budd went on the same rule, holding that a view in a writ of right was of course. This ancient and narrow construction was broken in upon and done away by Ostrander v. Kneeland. By the old law, the tenant was, in, real actions in general, prima facie, entitled to a view, (Booth, 37,) and this notwithstanding the statute of West. 2; and the only way to show the exception was by counter-pleading it, (id. 38,) thus showing of record that the case was within some of the exceptions in the statute ; whereas the practice is now altered to a form more convenient and conformable to modern practice in other cases ; the onus of showing the view to be necessary being thrown on the tenant, and the cases in which a view is to be granted much narrowed. It is plain that the statute (1 R. L. 86,) applies to real actions generally, writs of right as. well as dower ; and this being so, the reasoning of the court in Ostrander v. Kneeland, and the principal case, seems to' do away the two former cases.” When the tenant demands a view, the demandant must sue out the writ of view, and cause view to be given or be nonsuited. Scofield v. Lodie, infra, 395; vol. 2, 75. S. C., C. C. 98.